**LaSalle County Electric Railroad Company, Appellant, v. Alexander P. Wylie et al., Appellees.**

**Gen. No. 5,946. (Not to be reported in full.)**

Appeal from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

## Statement of the Case.

Petition by the LaSalle County Electric Railroad Company, petitioner, against Alexander R. Wylie and others, defendants, in the Circuit Court of LaSalle county, to condemn a right of way across defendant Wylie's land. From an order that defendant Wylie recover costs and reasonable attorney's fees, fixed in the order at $250, and from a denial in part of a motion to retax the costs, petitioner appeals.

Petitioner filed a petition in the Circuit Court of LaSalle county to condemn a right of way across a farm of one hundred and sixty acres owned by Alexander P. Wylie, and made defendants thereto said Wylie and his wife and his tenant. There was a trial and a verdict, fixing the compensation to be awarded, and a judgment in favor of petitioner, and the judgment limited the time within which the compensation fixed by the judgment should be paid, as authorized by section 10 of the Eminent Domain Act (J. & A. ¶ 5260), as amended in 1897. The petitioner has never paid the compensation awarded. Wylie filed such a petition after the expiration of the time fixed, and there was a hearing thereunder, and the court allowed him $250 for his reasonable attorney's fees, and ordered that he should recover his costs, and that execution should issue unless paid within a certain time.

Wylie's attorney charged him $350 for the services which he rendered, and the testimony of Wylie showed that he expected to pay that amount. There was testimony that this was the usual and customary fee, and testimony to the contrary. The court allowed $250. So far as the record discloses, the services performed may be briefly stated thus: The petition to condemn was filed on August 26, 1912, and the attorney was thereafter employed by Wylie. An answer was filed September 9, 1912, amounting to no more than a pleading raising the question whether the petitioner had

lawful authority to condemn, and, among other things, whether it had shown what kind of a railway it proposed to construct and by what power it proposed to operate, and it called attention to the fact that there were no maps, plats, profiles, or plans with the petition. From the whole record it appears that petitioner proposed to take thirty-three feet next west of the east thirty-three feet of Wylie's farm, and that there was a highway on the east side of his farm, and it is evident that the intention was to take the thirty-three feet next west of the highway across the whole front of his farm. Wylie's attorney made and argued a motion to dismiss the proceeding. He moved to strike the answer from the files and this was argued and denied, except as to the fifth paragraph thereof, which raised the question of the absence of the plans, etc., and of the failure to show in the petition whether the road was to be operated by steam, electricity or otherwise. Wylie's attorney obtained an order requiring the petitioner to file its map or profile or plans, showing the elevation of the road as it passed over his land. He drew and filed a cross-petition, claiming damages to the rest of the farm. A jury trial followed, which took five days. The jury defeated Wylie on his cross-petition and awarded a less sum as damages than had been offered to Wylie before the suit was begun. Wylie's attorney entered a motion for a new trial, which was argued and denied, and the petitioner had judgment in its favor upon payment of the compensation awarded, and Wylie took orders for an appeal, but seems not to have perfected the appeal. The amount awarded Wylie was $462.50, and the amount awarded the tenant was $10. The cross-examination of Wylie by the petitioner tended to show that he had offered to pay the railroad company $1,000 to go on the opposite side of the road. While the petitioner had the word ''Electric'' in its corporate name, yet it was organized under the general railroad act, and had lawful authority to

operate its railroad by steam, and did not by its peti-tion profess to confine itself to an electric road. Wylie's attorney had not only to perform the services above stated, but he had to prepare for the trial and to ascertain not only the law governing such a case but had to see and interview the witnesses by whom could be shown the value of the land taken, and also the effect of the taking upon the value of the rest of the farm, and the proof showed that he made a visit to the premises in preparation for the trial.

BUTTERS & CLARK, for appellant.

H. M. KELLY, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 123*—*when court power to determine fees.* The allowance of attorney's fees rests on a basis different from any other allowance by a court, and while evidence is necessary in such case to show the ordinary and usual charges in similar cases where such fees are the subject of contract, yet the court is well qualified to form an opinion on this subject and will exercise an independent judgment thereon.

2. EMINENT DOMAIN, § 224*—*how attorney's fees computed.* In a proceeding by a railroad company to condemn a right of way across land of defendant, where the reasonableness of attorney's fees allowed defendant was in question, which fees in part were for serv-ices rendered in an unsuccessful attempt to defeat the condemnation proceeding, the court, in determining such reasonableness, cannot treat the proceeding in which the services were rendered as merely one to recover the value of the land damaged, where it appears that the taking sought to be made was of land lying along the entire side of a farm adjoining a highway, and that condemnor, though osten-sibly condemning for the purposes of an electric railroad, had also by statute the power to operate by steam at its pleasure, so that defend-ant might in the future have a steam railroad between his farm and the highway, which was a serious matter.

3. EMINENT DOMAIN, § 224*—*what is effect of amount of recovery in determining attorney fees.* The fact that the recovery obtained by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the services of an attorney in prosecuting an action is less than double what is awarded as attorney's fees in a petition for condemnation of land is not conclusive of the reasonableness of such award, since there are many cases where the whole amount of the recovery would not be a fair compensation for the services rendered.

4.  ATTORNEY AND CLIENT, § 123*—*how reasonable value of legal services should be determined.*  The determination of the reasonable value of legal services depends upon a consideration both of the nature and result of the controversy in which such services were rendered, the skill and labor required, the responsibility imposed and the standing and character of the attorney rendering such services.

5.  EMINENT DOMAIN, § 224*—*when amount awarded as attorney's fees not excessive.*  In a petition seeking to condemn a right of way over defendant's land where defendant was awarded attorney's fees, an award of $250 for such fees *held* not excessive under the evidence, it appearing that such services were performed by an attorney competent to protect the interests of his client.

6.  TRIAL, § 69*—*when burden of showing number of witnesses unreasonable upon party objecting.*  Where objection is made to the number of witnesses called by a party in the trial of an action, the party making the objection has the burden of showing that the number of such witnesses was unnecessary and unreasonable.

7.  TRIAL, § 69*—*when court power to limit number of witnesses.*  Rule laid down in *Geohegan v. Union El. R. Co.,* 266 Ill. 482, as to the power of the court to limit the number of witnesses who may testify on a given subject, followed.

8.  APPEAL AND ERROR, § 1313*—*when presumed court would have made order as to limitation of number of witnesses.*  On appeal, where it is objected that the number of witnesses called by a party at the trial was unnecessary and unreasonable, the Appellate Court will presume that if a motion had been seasonably made to limit the number of witnesses the trial court would have made a proper order on that motion.

9.  APPEAL AND ERROR, § 1313*—*when presumed number of witnesses not unreasonable.*  Where on appeal it is objected that the number of witnesses who testified for a party at the trial of a cause was unnecessary and unreasonable, the Appellate Court will presume in support of the trial court that the number of such witnesses was not unreasonable where the record does not show the subjects on which any witness testified on either side of the case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.